NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Argued June 4, 2020
Decided June 15, 2020

Before

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

| | |
|---|---|
| No. 19-3470 | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division. |
| THOMAS TROTTIER, *Plaintiff-Appellant,* | |
| *v.* | |
| ANDREW SAUL, Commissioner of Social Security, *Defendant-Appellee.* | No. 2:18-cv-00304-JVB-JEM Joseph S. Van Bokkelen, *Judge.* |

## Order

Thomas Trottier filed an application for Social Security disability benefits on the basis of degenerative disc disease, obesity, and major depressive disorder. An administrative law judge found these conditions to be severe but ruled that Trottier remains able to do light work. A district judge affirmed. 2019 U.S. Dist. LEXIS 183063 (N.D. Ind. Oct. 22, 2019). Trottier's appeal contends that the ALJ did not properly account for limitations on his concentration, persistence, and pace, and failed to accord required weight to the opinion of Dr. Dobransky, his treating psychiatrist.

The district court's opinion adequately addresses those contentions, and we affirm substantially for the reasons the district court gave. We add only a few words about the treating-psychiatrist issue.

Dobransky saw Trottier for less than six months in 2015 and 2016 but opined about his mental condition in 2011. This led the ALJ to ask whether Dobransky's views were reliable. He wrote (citations to the record omitted):

> Dr. Dobransky, the claimant's psychiatrist, opined the claimant had a number of marked limitations in his ability to perform unskilled work. In particular, he assessed marked limitations in his ability to understand, remember and carry out very short and simple instructions, maintain attention for two-hour segments, maintain regular attendance and work in coordination with or proximity to others without being unduly distracted. Dr. Dobransky concluded the claimant would have extreme limitation in his ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and anticipated the claimant would likely be absent from work more than four days per month.

> I have considered this opinion and assign it little weight, as it is not consistent with the record as a whole. In particular, Dr. Dobransky opined that these limitations have been in place since January 2011, when he had only been treating the claimant since November 2015. Moreover, the assessed marked limitations are not supported by the medical evidence of record, which documents the claimant often demonstrated an appropriate affect, adequate attention and concentration and adequate memory. There is no good basis in the medical evidence of record or testimony to find that the claimant would be off task or absent excessively.

Regulations in force at the time required an ALJ to accept the opinion of a treating physician "[i]f [it] … is well-supported by medically acceptable clinical and laboratory diagnostic techniques *and* is not inconsistent with the other substantial evidence in your case record". 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2) (emphasis added). The ALJ found that Dobransky's opinion was not supported by the medical evidence of record.

True enough, the ALJ might have said more, such as that Dobransky expressed his opinion by checking boxes rather than explaining how medical evidence supported his conclusions—and in particular that Dobransky did not try to explain why he gave an opinion looking more than five years into the past. But ALJs' analyses always could be

longer and more detailed. They would not necessarily be better for being fulsome. We conclude that the ALJ said enough to satisfy his obligation under the regulations.

AFFIRMED